REBECCA MOCCIARO, SBN 89777
FARMER & RIDLEY LLP
350 S. Grand Avenue, Suite 3150
Los Angeles, California 90071
213-626-0291 (phone)
213-833-7812 (fax)
rmocciaro@f-rlaw.com

*Attorneys for Defendants* GARY WARBURTON DDS APC PROFIT SHARING PLAN; GARY WARBURTON, DDS, A PROFESSIONAL CORPORATION

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CAROULIS<br><br>Plaintiff,<br><br>vs.<br><br>GARY WARBURTON, DDS APC PROFIT SHARING PLAN; GARY WARBURTON, DDS, A PROFESSIONAL CORPORATION<br><br>Defendants | Case No.: CV13-05385-FMO (PJWx)<br><br>**STIPULATION TO CONFIDENTIALITY AGREEMENT AND [PROPOSED] ORDER** |

The parties to this Confidentiality Agreement Order have agreed to the terms of this [Proposed] Order and respectfully request that the Court approve same, as follows:

The parties to this action recognize that discovery in this matter may include the disclosure of confidential information. The parties, through their counsel of record, hereby stipulate and request that the Court enter an order regarding confidentiality, as follows:

1. Any party to this litigation and any third-party shall have the right to designate as 'Confidential' and subject to this stipulation and order any information, document, or thing, or portion of any document or thing that contains (a) trade secrets, competitively sensitive information, (b) private or confidential personal information, (c) information received in confidence from third parties, or (d) information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Any party to this litigation or any third party covered by this stipulation and order who produces or discloses any confidential information or material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark or designate same with the foregoing or similar legend or notation: "Confidential—Subject to Discovery Confidentiality Order" (hereinafter "Confidential").

3. Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this stipulation and order any

information, document, thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this stipulation and order who produces or discloses any Attorneys' Eyes Only information, material, pleading or testimony, shall mark the same with the following: "Attorneys' Eyes Only—Subject to Discovery Confidentiality Agreement".

    4.    All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those persons set forth in paragraph 5, *infra*, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of confidential material, provided that such advice and opinions shall not reveal the content of such confidential material except by prior written agreement of counsel for the parties, or by order of the court.

3

5. Confidential material and the contents of confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by counsel for the purposes of this action, provided they have signed a non-disclosure agreement in the form attached to this stipulation as Exhibit "A";

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing section 6(b);

(d) The Court and Court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, and/or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as

well as their staff and clerical employees whose duties and responsibilities require access to such materials; and

    (g) The parties.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 6. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, unless and until (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have 30 days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated confidential, which period may be extended by agreement of the parties.

8. If counsel for any party receiving documents or information designated as Confidential or Attorneys' Eyes Only objects to such designation of any or all of such items, the following procedures shall apply:

    (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to said designation, describing with particularity the documents or information in question and the grounds for objection. Counsel for the designating party or third party shall respond in writing

to such objection within 14 days, and shall state with particularity the grounds for asserting the claim that the document or information is Confidential or Attorneys' Eyes Only. If no timely response is made to the objection, the challenged designation shall be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith to resolve the dispute. If the dispute cannot be resolved by agreement, the proponent of the designation shall present the dispute to the Magistrate Judge in accordance with the Local Rules before filing any motion regarding challenging the designation. Pending resolution of the dispute, the challenged document or information shall be treated as originally designated.

9. All requests to seal documents with the Court shall comply with the Local Rules.

10. If the need arises during trial or at any hearing before the Court for any party to utilize or disclose Confidential or Attorneys' Eyes Only information, said disclosure shall be made only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so

designated at the time of its disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed, or as to any other material or information regarding the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed that such material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this stipulation and order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with FRCP 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege is appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a part from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this stipulation and order.

14. This stipulation and order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This stipulation and order is being entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

15. This stipulation and order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under obligation to assemble and to return to the originating source all originals and copies of such documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as all excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all

transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this stipulation and order.

Respectfully submitted,

Dated: December 5, 2013

ROBERT R. RONNE
LAW OFFICES OF ROBERT R. RONNE, APC

*/s/ Robert R. Ronne*
Robert R. Ronne
Attorneys for Plaintiff

Dated: December 5, 2013

REBECCA B. MOCCIARO
FARMER & RIDLEY LLP

*/s/ Rebecca B. Mocciaro*
Rebecca B. Mocciaro
Attorneys for Defendants

IT IS SO ORDERED.
DATED: 12/17/13

*/s/ Patrick J. Walsh*
UNITED STATES MAGISTRATE JUDGE
PATRICK J. WALSH